## Case No. 4,822.

### FISHER v. The PLYMOUTH.

[2 Int. Rev. Rec. 109.]

District Court, S. D. New York. 1865.

Mr. Goodrich and Mr. Parsons, for petitioner.

Mr. Benedict and Mr. Donohue, for opposing creditors.

HELD BY THE COURT: That it appearing to the court that on the day of the hearing, the vessel still remained in custody of the sheriff by virtue of the attachment in favor of the petitioner, that fact determines irrefragably that jurisdiction over the subject so situated cannot be exercised in this forum. The vessel when under arrest by judicial process of the state of New York, is as effectually withdrawn from the cognizance of the United States courts in this city, as from that of like tribunals in Ohio or Massachusetts. This doctrine is too emphatically settled under the United States law to be longer open to discussion in its courts. [Ex parte Ransom v. City of New York] 2C How. [61 U. S.] 582; [Freeman v. Howe] 24 How. [65 U. S.] 450. That the petitioner having instituted proceedings in the state court by his attachment, his present application would seem to be strikingly incongruous and inapt practice, as he asks a United States court to assume to force a case out of the possession of a state court possessing rightful cognizance of it, with a view to furnish a party litigant in it with a more acceptable or rapid determination of it, or with some other purpose not in consonance with her arrest in the state court. It matters not if the value of the vessel may have been augmented by labor or materials supplied to her by the petitioner, subsequent to her attachment in the state court. Other parties possessing claims against the vessel would be entitled to prevent the petitioner from collecting in the state court, to their prejudice, any debt not collectible upon the vessel at the time she was arrested on the petitioner's process. New debts accruing to him after her attachment on his warrant, could not be annexed to the one on which that proceeding was founded, without an express judgment of the state court authorizing that act to be done. This court assumes no power to restrain the state tribunal in granting such privilege at its discretion. It interferes in no way directly with the proceedings before the state tribunal. Any direct application by petition to this court to that effect is clearly void and utterly beyond the judicial cognizance, whether made directly or by way of a libel like the one filed by the petitioner. That process can have no legal efficiency otherwise than as against remnants and surplus remaining in the registry here after the satisfaction of the judgment charges in this court upon her ratified by decree herein. That the proceeds would be subject to such judgment charges only in the order of their legal priority. That could only be ascertained in this court in respect to the petitioner's claim, by comparing the times at which the competing creditors respectively arrested the property in satisfaction of their several debts. The Angelique v. The Triumph, Noss. Dec. That the petitioner therefore has no right of relief that can be afforded to him as to the vessel, so long as she remains in the custody or jurisdiction of the supreme court of the state at the suit of the petitioner. But if it be shown that such attachment of the vessel by the petitioner in the state court has been lawfully discharged and abandoned by him, then it is ordered that he may have leave to enter his claim to a share in the distribution of the funds in the registry according to the right of priority attaching to him by law. The petition is therefore dismissed with costs.